**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William George COOK,
Defendant-Appellant.**

**No. 85–1621.**

United States Court of Appeals,
Fifth Circuit.

July 10, 1986.

---

William W. Chambers, Fort Worth, Tex., for defendant-appellant.

Marvin Collins, U.S. Atty., J. Michael Worley, Asst. U.S. Atty., Fort Worth, Tex., Terence J. Hart, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinion Feb. 27, 1986, 5th Cir. 1986, 783 F.2d 1207)

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

PER CURIAM:

The petition for rehearing submitted by the government in this case is granted, and the following opinion is substituted for that filed previously by this Court.

The principal issue raised by appellant William G. Cook is the sufficiency of the evidence to support his conviction for conspiracy to manufacture phenylacetone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

In evaluating the sufficiency of the evidence supporting a conviction, "we must interpret the evidence in the light most favorable to the government. We must resolve all conflicts in the evidence in favor of the government, and we must give the government the benefit of every inference which might reasonably be made from the evidence when it is construed favorably to the government." *United States v. Ste-*

*phens,* 779 F.2d 232, 235 (5th Cir.1985) (citing *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942)). By this standard, having carefully reconsidered the evidence before the jury, we conclude that "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell,* 678 F.2d 547, 549 (5th Cir. 1982) (*en banc*), *aff'd.,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

On March 24, 1985, sheriff's deputies in Taylor County, Texas, located an operating clandestine laboratory in a formerly abandoned farmhouse and arrested David A. Cook, appellant's brother, the only person then present at the farmhouse. A strong odor permeated the area, which one deputy associated with the manufacture of illegal substances, and a cache of weapons and ammunition was stored there, most in plain view. A chemist with the Texas Department of Public Safety concluded that phenylacetone was being made at the farmhouse when he arrived there and that eventually, amphetamines would be produced. Judging from his proximity to the illegal activities, David A. Cook was obviously "minding the store" for this manufacturing operation and was therefore culpably involved in it. *See United States v. Blasco,* 702 F.2d 1315, 1332 (11th Cir.1983).

Appellant William G. Cook was connected to the operation of the lab by the following circumstances. First, on March 6, 1985, appellant and Harold Wayne Morse were depicted on a 30-minute videotape recording made at Metroplex Chemical Company in Dallas, purchasing laboratory equipment and chemical constituents of phenylacetone. Two pieces of equipment, a "Christmas Tree" and a graduated cylinder with a rubber ring, are distinctive in appearance. The invoice of the purchase introduced in evidence by the government correlates with the videotape, because the exact time of the transaction is noted on each.[1] Appellant participated in ordering

---

**1.** Based on *United States v. Veytia-Bravo,* 603 F.2d 1187, 1192 (5th Cir.1979), *cert. denied,* 444

U.S. 1024, 100 S.Ct. 686, 62 L.Ed.2d 658 (1980), the receipt was properly admitted as a business

and paid for the chemical items, all but one of which were subsequently found at the farmhouse.

Second, on March 23, 1985, appellant rented from a store in Arlington, Texas, a 7,500-watt generator. The assistant manager who handled the transaction testified at trial and introduced the documents confirming the rental, which included appellant's Texas driver's license bearing his photograph. Company practice is to copy the driver's license for documentation in case of theft or bad checks. Appellant volunteered to the Rent-It, Incorporated employee that he had a different address than appeared on the driver's license. The generator was positively identified by its serial number and green rented tag as the same piece of equipment shortly thereafter found in operation at the farmhouse. A prescription pill box, bearing the name "Wm. Cook", was found in the farmhouse.

Fourth, at 1:00 a.m. the morning prior to discovery of the clandestine laboratory, a sheriff's deputy in Taylor County stopped a car which was maneuvering suspiciously as it perceived his presence. The deputy detained the vehicle within 400 to 500 yards of the farmhouse laboratory. From the appearance of the two occupants of the car and from their driver's licenses, the deputy identified appellant and Harold Wayne Morse. The occupants told the deputy they were looking for a house.

From these facts, the jury was entitled to infer that William G. Cook knowingly participated with his brother David A. Cook in the manufacture of a controlled substance. The clandestine laboratory could not operate without the generator, chemicals and equipment which William Cook was identified as having procured. He was seen in the vicinity of the farmhouse in a rural portion of Taylor County with no convincing explanation of his reason for being there. Moreover, less than 20 hours later and shortly before the apprehension of David Cook, another sheriff's deputy saw three figures walking to and from the farmhouse several times. Both the fact of conspiracy and a defendant's participation in it may be proved by circumstantial evidence.

The evidence connecting William Cook to the illegal activities distinguishes this case conclusively from *United States v. Pintado*, 715 F.2d 1501 (11th Cir.1983), relied upon by appellant. In *Pintado*, the defendant was found isolated from other defendants who were captured in the process of unloading marijuana from a cigarette boat. There were no objective facts or circumstances from which his knowledge of the ongoing operation could be inferred. In this case, the evidence shows that William Cook participated in acquiring the equipment which was the sine qua non of the illegal drug manufacturing operation. Moreover, the inference that he was engaged in a conspiracy with his brother easily arises from his brother's presence on the scene during the manufacturing activity. Thus, this case is further distinguishable from *United States v. Stanley*, 765 F.2d 1224 (5th Cir.1985) and *United States v. Galvan*, 693 F.2d 417 (5th Cir.1982), both of which depended on inferences drawn from telephone records alone. In those cases, the identity of the callers, the nature of the conversations, and even the location reached by the calls had to be assumed in order to substantiate a conspiracy. The conspirators in this case, by contrast, are each linked with the vital evidence of their activities.

For the foregoing reasons, the conviction of appellant is AFFIRMED.

record of Metroplex. It had the requisite indicia of reliability and trustworthiness as a receipt prepared by and for Metroplex's business activity.